# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Pete Ortega, | No. CV 09-1432-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Ernie Pete Ortega, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #4). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $0.67. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
2 failure to state a claim, with leave to amend because the Complaint may possibly be saved
3 by amendment.

**III. Complaint**

In his five-count Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections Director Charles Ryan, Corrections Officer (CO) IV Espinoza, CO II Camacho, CO III Monahand, CO III Troug, CO III M. Greene, CO IV J. Osborn, Sergeant Brandner, CO II Phiester, and John Doe Property Sergeants.

In Count One, Plaintiff alleges that he was retaliated against in violation of the First Amendment. He claims Defendants Phiester, Brandner, and John Doe Property Sergeants failed to inventory his personal and private property, resulting in a loss of his property, in retaliation for Plaintiff exercising his constitutional right to petition the government for redress of grievances." He claims the policy for property/inmate movement was not followed on every occasion.

In Count Two, Plaintiff claims he was subjected to deliberate indifference in violation of the Eighth Amendment. He claims he did not receive an "inmate 'starter kit,'" which contains a variety of hygiene supplies, when he was moved to a different unit and that he had to wait five days for the kit due to a lack of funds. Plaintiff also alleges that his personal property was not delivered within the "mandated 72 hour period" and that "mandated 2 page inmate letter[s]," are no longer issued as part of the grievance procedure due to budget cuts.

In Count Three, Plaintiff claims he was subjected to deliberate indifference in violation of the Eighth Amendment because (1) Defendant Troug placed false evidence into a proposed maximum custody placement hearing, and (2) Defendant Ryan approved Plaintiff's placment in a housing unit where the cells are "not in compliance with Federal law for lock down housing and the facility is delapi[d]ated." He states that the exercise space "is not [ac]ceptable by Federal law for extended lock down housing."

In Count Four, Plaintiff asserts that Defendants Espinoza, Monahand, Greene, Osborn, and unknown prison officials retaliated against Plaintiff for exercising his constitutional right

to petition the government for a redress of grievances by refusing to allow meritorious grievances to proceed properly, refusing to answer meritorious informal grievances and grievance attempts; throwing away, losing, or discarding meritorious informal grievance attempts; and "falsifying government documents and government records in retaliation." Plaintiff lists a variety of grievances he believes were unprocessed or denied for invalid or frivolous reasons.

In Count Five, Plaintiff alleges retaliation in violation of the First Amendment. He claims that, during a cell search, Defendant Camacho broke some of his property and that some of his property "went missing." Plaintiff asserts that he filed a grievance, but Defendant Osborn never responded to it and returned it unacknowledged. Plaintiff then states that he "attempted to grieve such" to a non-party, who returned the original copies to Defendant Osborn so that Defendant Osborn could respond, but Defendant Osborn has not done so. Plaintiff claims that he filed an appeal with the Arizona Department of Corrections Central Office and that the following day "T.S.U. c[a]me thr[ough] and searched cells" and his copy of the appeal "vanished," only to "resurface[]" a month later "via mail." Plaintiff asserts that he has suffered damaged and lost property and mental stress and anguish "due to constant retaliation by [Defendant Camacho]."

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and attorney's fees and costs.

**IV.    Failure to State a Claim**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

      **A.    Count Two - Failure to Link Defendant with Injuries**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

1  injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
2  (1976). In Count Two, Plaintiff has failed to link his injuries to the specific conduct of any
3  Defendant. Therefore, the Court will dismiss without prejudice Count Two.

    **B.    Count Three**

          **1.    Defendant Troug**

An "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Plaintiff does not allege that he was not afforded the procedural due process safeguards required by Wolff v. McDonnell, 418 U.S. 539 (1974), at the maximum custody placement hearing. Thus, Plaintiff has failed to state a claim regarding Defendant Troug allegedly placing false evidence into a maximum custody placement hearing. The Court will dismiss without prejudice Count Three against Defendant Troug.

          **2.    Defendant Ryan**

To state a claim under the Eighth Amendment, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer, 511 U.S. at 837.

Simply using the words "deliberate indifference" is insufficient. See Iqbal, 129 S. Ct. at 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff has failed to make sufficient allegations

1 to support a plausible claim that Defendant Ryan acted with deliberate indifference in 2 housing Plaintiff in a dilapidated facility or in a cell that Plaintiff believes contains 3 "un[ac]ceptable" room for exercise. The Court will dismiss without prejudice Count Three 4 against Defendant Ryan.

### C. Retaliation Claims

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

In Count One, Plaintiff claims Defendants Phiester, Brandner, and John Doe Property Sergeants failed to inventory his personal and private property in retaliation for Plaintiff exercising his right to petition the government for redress of grievances. It is unclear what Plaintiff did to exercise his right to petition the government for a redress of his grievances. Moreover, Plaintiff has presented only insufficient, conclusory allegations that Defendants' conduct was "because of" Plaintiff's exercise of his right to petition the government. See Iqbal, 129 S. Ct. at 1949. Plaintiff has alleged nothing to suggest that the exercise of his First Amendment rights was a substantial or motivating factor behind the occasional failure to inventory his property. The Court, therefore, will dismiss without prejudice Count One.

In Count Four, Plaintiff claims that Defendants Espinoza, Monahand, Greene, Osborn, and unknown prison officials improperly dealt with his grievances in retaliation for

1 exercising his constitutional right to petition the government for a redress of grievances. It
2 is unclear what exercise of Plaintiff's right to petition the government for a redress of his
3 grievances caused the alleged retaliation—Plaintiff has made reference to another lawsuit and
4 to the filing of grievances. In addition, although Plaintiff asserts that Defendants improperly
5 dealt with several grievances, his claim appears more consistent with a disagreement
6 regarding the policy for processing grievances. Plaintiff has alleged nothing to suggest that
7 the exercise of his First Amendment rights was a substantial or motivating factor in the denial
8 or processing of his grievances. The Court, therefore, will dismiss without prejudice Count
9 Four.

In Count Five, Plaintiff has presented vague allegations and nothing to suggest that either of Defendant Camacho or Defendant Osborn took any action because of Plaintiff's exercise of his constitutionally protected rights. The Court, therefore, will dismiss without prejudice Count Five.

**V.      Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original

complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1     **E.     Possible Dismissal**

2     If Plaintiff fails to timely comply with every provision of this Order, including these
3 warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at
4 1260-61 (a district court may dismiss an action for failure to comply with any order of the
5 Court).

6 **IT IS ORDERED:**

7     (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #4) is **granted**.

8     (2)     As required by the accompanying Order to the appropriate government agency,
9 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $0.67.

10     (3)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has
11 **30 days** from the date this Order is filed to file a first amended complaint in compliance with
12 this Order.

13     (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
14 Court must, without further notice, enter a judgment of dismissal of this action with prejudice
15 that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

16     (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
17 rights complaint by a prisoner.

18     DATED this 11th day of August, 2009.

_____
Mary H. Murguia
United States District Judge